DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Toledo Municipal Court which found appellant, Waleed Orra, to have negligently caused an auto accident with appellee, Matthew Ewersen. For the reasons stated herein, this court reverses the judgment of the trial court.
The following facts are relevant to this appeal. On October 31, 1997, a car driven by Orra and a car driven by Ewersen collided, resulting in property damage to each vehicle. Appellant Progressive Insurance Company ("Progressive"), the insurer of the car driven by Orra, paid for the damage to that vehicle and then filed a subrogation complaint against Ewersen in the Toledo Municipal Court. Appellee, Universal Underwriters Group ("Universal") paid for the damage to the car driven by Ewersen and then filed a separate subrogation claim in Toledo Municipal Court against Orra.[1] These suits were eventually consolidated. The parties stipulated to damages and on May 25, 1999, a trial was held on the issue of liability. At trial, the following testimony was presented.
Orra testified that at around 5:30 p.m. on October 31, 1997, he was driving his brother's Toronado on Mott Street in Toledo. Although Orra was only seventeen years old, and only had a temporary license, he did not have a licensed driver in the vehicle with him. Orra testified that when he reached the intersection of Mott Street and Elgin Street, a car "roll[ed] in front of" him, and although he slammed on his brakes, he hit the other car. According to Orra, he was driving twenty-five miles an hour, which was the posted speed limit, on Mott Street. Orra then testified that he left the scene of the accident because "[he] didn't have [his] license and [he] was by [him]self." Orra did report the accident to the police the next day.
Ewersen testified that on the day of the accident, he was working at Dan R's Automotive System. In that capacity, he took a customer's car for a test drive after some repairs had been done to the customer's car. He drove the car down Elgin to Mott Street. At this intersection, there is a stop sign on Elgin, and traffic on Mott has the right of way. Ewersen testified that when he reached the intersection of Mott and Elgin, he stopped, looked to his left, looked to his right, and then looked to his left again. Although there was nothing impeding his vision for at least a block, Ewersen did not see Orra's vehicle. However, as soon as he entered the intersection, Orra hit his vehicle on the driver's side. He testified that his vehicle spun one hundred eighty degrees before coming to rest.
On June 22, 1999, the trial court found that Orra had proximately caused the accident by traveling at an unreasonable speed. The court therefore entered judgment for Universal and for Ewersen and against Progressive and Orra. Progressive and Orra filed a timely appeal to this court.
Appellants raise the following assignments of error:
 "THE TRIAL COURT'S HOLDING THAT THE PROXIMATE CAUSE OF THE OCTOBER 31, 1997, ACCIDENT WAS THE NEGLIGENCE OF ORRA IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 "THE TRIAL COURT ERRED IN FAILING TO APPORTION ANY AMOUNT OF NEGLIGENCE TO MATTHEW EWERSEN IN THE OCTOBER 31, 1997 ACCIDENT."
In support of their first assignment of error, appellants argue that the trial court's holding was against the manifest weight of the evidence in the following respects: (1) there was no evidence that Orra was driving at an improper speed, and (2) there was no evidence that the alleged improper speed was the proximate cause of the accident.
When considering an assignment of error that the judgment is against the manifest weight of the evidence, an appellate court must be guided by the presumption that the trial court's findings are correct. Seasons Coal Co., Inc. v. City ofCleveland (1984), 10 Ohio St.3d 77, 80. This court cannot reverse a judgment of the trial court as being against the manifest weight of the evidence if that judgment is supported by some competent, credible evidence going to all essential elements of the case.C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279,280. In this case, however, there is an absence of any evidence that Orra was speeding and, therefore, that Orra was negligent.
The trial court held that Orra's testimony that he was driving twenty-five miles per hour was not credible because (1) Orra did not have a valid driver's license, (2) Orra had limited experience driving, and (3) Orra fled the scene after the accident. However, presuming, as we must, that the trial court was correct to dismiss Orra's testimony as to how fast he was driving, there still is not any evidence that Orra was speeding.
Appellee points to both the damage to the vehicles and the force of the impact, which spun the car driven by Ewersen around one hundred eighty degrees, to be credible evidence that Orra was speeding. This evidence alone does not prove that Orra was speeding. Based on the photographs in evidence, we note that the physical damage to the vehicles is de minimis and may or may not be consistent with an impact occurring at twenty-five miles per hour. As such, we find that expert testimony was required to show that either the damage, or the impact which spun the car around one hundred eighty degrees, was the result of driving in excess of twenty-five miles per hour, as this is beyond the knowledge of a lay person.
Furthermore, although Ewersen testified that he believed Orra was driving in excess of twenty-five miles per hour, he did not actually see Orra's vehicle prior to impact. The transcript shows the following testimony was given:
 Q. Do you have any explanation, Mr. Ewersen, as to why, or as to where the Orra vehicle came from?
 A. Well, it definitely came from the left side. It was, I believe it was traveling faster than 25 miles an hour.
MR. MADRZYKOWSKI: Objection.
BY MR. PARKER
 Q. You did not, you did not have, you did not see the vehicle —
A. No, I didn't.
Q. — prior to the impact?
A. No.
 Q. Your first notice of the vehicle was when it struck you, correct?
A. Right.
 Q. And do you have any explanation as to why you didn't see the vehicle prior to the impact?
A. Other than it was going to fast.
MR. MADRZYKOWSKI: Objection.
A. I couldn't really —
MR. MADRZYKOWSKI: Objection
THE COURT: Sustained.
As the court sustained Orra's objections to this testimony, it cannot be considered by this court as evidence of speed. See,State v. Scaggs (February 4, 2000), Huron App. No. H-99-006, unreported.
Without any evidence of Orra speeding, the trial court's finding of liability is against the manifest weight of the evidence. Accordingly, we find appellants' first assignment of error well-taken.
Due to our disposition of appellants' first assignment of error, that Orra was not negligent, we find there is no comparative negligence issue. Accordingly, we find that appellants' second assignment of error is not well-taken and denied as moot.
On consideration whereof, the court finds substantial justice has not been done the party complaining and the judgment of the Toledo Municipal Court is reversed. Furthermore, this court finds that as there is no evidence of liability against Orra, Orra was proceeding with the right of way and Ewersen was the proximate cause of the accident by failing to follow R.C.4511.43 which requires every driver to "yield the right of way to any vehicle in the intersection or approaching on another roadway so closely as to constitute an immediate hazard during the time the driver is moving across or within the intersection or junction of roadways." Therefore, pursuant to App.R. 12(C), this court enters judgment in the amount of $4,124.33 on behalf of Progressive Insurance Company in Toledo Municipal Court case number CVE98-10880 and on behalf of Waleed Orra in Toledo Municipal Court case number CVE98-12876. Appellees are ordered to pay the court costs of this appeal.
 _____________________ KNEPPER, P.J.
 Melvin L. Resnick, J., James R. Sherck, J., JUDGES CONCUR.
[1] Mohamed Orra and Hamideh Orra were also named as defendants. These parties, however, were dismissed prior to trial.